Rogers v. Rogers

——————

PEMERL L. ROGERS v. DAVID H. ROGERS

No. 7410DC1052

(Filed 19 March 1975)

Appeal and Error § 42— admissibility of foreign divorce decree — failure to bring up decree with appeal

In a child custody and support action, the appellate court is unable to rule upon the admissibility of a foreign divorce decree or the validity of the trial court's finding of the existence of the foreign decree where defendant failed to bring up a copy of the decree with his appeal; however, neither the evidence nor the finding thereon was requisite to an order for child custody and support sought by plaintiff.

ON writ of *certiorari* to review an order entered by *Winborne, Judge*. Order entered 9 August 1974 in District Court, WAKE County. Heard in the Court of Appeals 20 February 1975.

Plaintiff instituted this action for custody and support for four minor children born of a marriage between plaintiff and defendant. The trial judge heard evidence relative to the circumstances of the parties and entered an order awarding custody of the children to plaintiff, allowing visitation rights for defendant, and ordering defendant to make monthly support payments for the children. Defendant seeks review of that order.

*No appearance for plaintiff.*

*Defendant David H. Rogers, pro se.*

BROCK, Chief Judge.

At trial plaintiff offered in evidence a copy of a Washington State decree of divorce between the parties. The trial judge's order contains a finding that the parties were divorced in the State of Washington. Defendant assigns as error the admission into evidence of a copy of the Washington State decree and the finding thereon by the trial judge.

Defendant has failed to bring up this exhibit with his appeal, and we are therefore unable to rule upon the admissibility of the evidence or the validity of the finding by the trial judge of the existence of a divorce decree in the State of Washington. Suffice to say, neither the evidence nor the finding thereon was requisite to an order for the custody and support sought by plaintiff in this action. We therefore express no opinion upon the question of what faith and credit should be given to the evidence of the foreign decree offered at the hearing herein reviewed.

We have examined defendant's remaining assignments of error and find them to be without merit. Insofar as the order of the trial judge determines the right of custody and visitation and the obligation to support, the same is

Affirmed.

Judges VAUGHN and MARTIN concur.